WITHERINGTON JOHNSON, PLAINTIFF IN ERROR, V.
SAMUEL T. BOWMAN, DEFENDANT IN ERROR.

[FILED JUNE 13, 1889.]

1. **Work and Labor:** WARRANTY : TRIAL : ONUS PROBANDI.
In an action by a plaintiff to recover the price of the sinking of
a well, it was alleged in the petition that defendant agreed to
pay the plaintiff for the work fifty cents per foot for the first
hundred feet, sixty cents for the next fifty feet, and seventy-five
cents per foot for all over one hundred and fifty feet. The an-
swer consisted, first, of a general denial ; second, of an allegation
in substance, that the plaintiff had undertaken to sink and curb
a well for the defendant for the price per foot named in the pe-
tition, but that the plaintiff had agreed and warranted that the
well should yield a specified quantity of water per day, and in
case of failure so to do, nothing should be paid the plaintiff for
sinking the well. This was denied by the reply. It was *held*,
that an instruction to the jury that the burden of proof to sus-
tain the warranty was on the defendant in the action, was not
erroneous.

2. ———: ———: ———. In such case an instruction that if there was a warranty and breach thereof, but that if the plaintiff did not expressly agree that in case the well did not yield the quantity of water named in the answer, he would charge nothing therefor, and if the jury found the well was of any value, the plaintiff's recovery should be the contract price less the amount it would cost to complete the well, was not erroneous as inapplicable to the evidence.

ERROR to the district court for Nance county. Tried below before POST, J.

*Geo. D. Meiklejohn,* and *Sullivan & Reeder,* for plaintiff in error, cited: Greenleaf on Evidence, sec. 51; Stephen on Pleading, secs. 84, 85.

*W. F. Critchfield,* and *J. W. McClelland,* for defendant in error, cited: *Schreckengast v. Ealy,* 16 Neb. 514.

REESE, CH. J.

This action originated in one of the inferior courts of Nance county, where such proceedings were had as resulted in an appeal to the district court. In that court defendant in error filed his petition in which he sought to recover the sum of eighty-four dollars, which he alleged was due him from plaintiff in error for services rendered for sinking a well. It is as alleged that plaintiff and defendant entered into an oral agreement by the terms of which defendant in error agreed to sink a well for plaintiff in error, for which plaintiff in error was to pay fifty cents per foot for the first one hundred feet, sixty cents a foot for all over one hundred feet and under one hundred and fifty feet, and seventy-five cents per foot for all over one hundred and fifty feet in depth of said well; that plaintiff in error agreed to furnish one full hand to assist defendant in error in sinking said well, or to repay defendant in error all moneys paid by him for such assistance; that in pursuance of said

agreement, defendant in error sunk a well for plaintiff in error on plaintiff's farm in Nance county, to the depth of one hundred and fifty-four feet, and also paid one E. Harman for his assistance in sinking the same, the sum of fifteen dollars; and that the whole amounted to ninety-eight dollars, upon which fourteen dollars had been paid.

The answer of plaintiff in error consisted, first, of a general denial of the allegations of the petition. Second, it was alleged that "Plaintiff promised and agreed with defendant that he would bore, sink, and curb, the well for defendant on his stock farm, for the consideration of the sum of fifty cents per foot for the first one hundred feet, sixty cents per foot for the next fifty feet, and seventy-five cents per foot for each foot over and above one hundred and fifty feet; and plaintiff should put in one-and-a-half-inch tubing for the first thirty feet curbing at the bottom of the well, the balance of said curbing to be constructed of one-inch tubing; that said well was to be completed during the fall of 1885; that plaintiff then and there covenanted and agreed with defendant to warrant and guaranty said well to supply defendant with twenty barrels of water every twenty-four hours, and if plaintiff failed to furnish defendant such supply of water, plaintiff would have no pay for said well; that upon plaintiff's failure to sink the well in the year 1885, as per his contract, it was mutually agreed that the well should be sunk in the spring of the year 1886; that the well was sunk to the depth named in the petition, but that it failed to furnish the quantity of water agreed to, and that plaintiff had still failed to furnish defendant with a well according to the terms of said contract, or a well which had supplied twenty barrels of water every twenty-four hours, which by said contract plaintiff had agreed and warranted, and that therefore there was a failure on the part of plaintiff to comply with the contract set out in the answer; that upon the failure of the well to furnish the quantity of water required, plaintiff agreed to

return in the fall of the year 1886, and sink the well fifteen or twenty feet deeper, in order to make it comply with the terms of the contract, but that he had failed so to do; that owing to the failure of plaintiff to sink the well in compliance with his contract to furnish the amount of water agreed upon, he had no cause of action nor claim against the defendant.

The reply consisted of a general denial, with an admission of the allegations of the answer as to the price to be paid for sinking the well.    A jury trial was had which resulted in a verdict and judgment in favor of defendant in error, who was plaintiff below, for the sum of sixty-five dollars.    A motion for a new trial was filed, based upon the following grounds:

"*First*—There is error in the assessment of the amount of the recovery, in this: the action is brought to recover the sum of eighty-four dollars and interest thereon at seven per cent from June first, 1886, whereas the verdict is for $65.

"*Second*—The amount of recovery is excessive, appearing to have been given under the influence of passion and prejudice.

"*Third*—The verdict is not sustained by sufficient evidence.

"*Fourth*—The verdict is contrary to law.

"*Fifth*—The verdict is contrary to the third instruction of the court given on his own motion.

"*Sixth*—The verdict is contrary to the second, fifth, sixth, and seventh, instructions of the court, given on his own motion.

"*Seventh*—The court erred in giving the instruction asked for by the plaintiff, and duly excepted to.

"*Eighth*—The court erred in giving the ninth instruction on his own motion, and duly excepted."

This motion being overruled, plaintiff in error presents the case to this court by proceedings in error.    It is con-

tended by plaintiff in error that if defendant in error were entitled to recover at all, it must be upon the grounds that there was no warranty of the well, and in that event he would be entitled to the sum of $84, and no less; that the verdict being only for $65, the jury must have found on the theory of plaintiff in error that there was a warranty, and assessed the recovery as directed by one of the instructions given on the request of plaintiff, and which instruction it is contended was erroneous. The instruction is as follows:

"You are instructed that if from the evidence you find that the plaintiff, Samuel T. Bowman, warranted the well in question to furnish twenty barrels of water per day, and that the well failed to supply that amount, and if you further find that plaintiff did not expressly agree that if the well did not supply twenty barrels per day he would charge nothing therefor, and also find that the well, as shown by plaintiff, was of any value whatever, then and in that case the amount of plaintiff's recovery should be the contract price less the amount it would cost to complete said well and make it supply the amount of water provided for in the warranty, provided it could be made to comply with the terms of the warranty."

The principal objection to this instruction is that it was not applicable to any of the evidence in the case. To this we cannot agree. There was quite a conflict in the testimony upon the question of the warranty. Plaintiff in error in his testimony says that it was agreed that in case the well did not furnish twenty barrels of water, it should not be paid for; while upon the other hand, defendant in error insisted, and by other evidence as well as his own sought to prove, that while it was partially agreed that the well should furnish twenty barrels of water, yet the defect or failure was caused by the kind of tubing which was furnished by defendant in error; that while he virtually agreed to sink a well which would yield twenty barrels of

water per day, it was not understood that the tubing furnished by defendant in error should be used, and an effort was made which was partially successful, perhaps, to show that the whole cause of the failure was in the quality or character of the tubing furnished by plaintiff in error, and which he insisted should go into the well, even to the extent of saying that he would take upon himself all the chances, and all risks of a failure resulting from the quality of the tubing used. Taking the whole case together, we do not think the giving of the instruction was erroneous.

In the course of the instructions given by the court on its own motion, the jury were told that the burden of proof on the question of warranty was on plaintiff in error. It is claimed that in this the court erred, as the answer consisted in part of a general denial, and nowhere admitted any of the allegations of the petition; that the defendant assumes the burden of proof only when he answers in confession and avoidance. Without stopping to examine as to the correctness of the rule contended for, it must be sufficient to say that in substance the answer did admit the allegation of the petition so far as the sinking of the well and the price to be paid therefor was concerned, but sought to attach to them the condition of warranty as an avoidance of any indebtedness therefor. This being true, the defendant in the action would have to assume the burden as to the defense so pleaded. In so instructing the jury the court did not err.

Upon an examination of the whole case, we find that the jury were properly and fully instructed upon every point involved, and that while we may not be able to account for the verdict upon the most logical basis furnished by the evidence, yet there is a basis furnished thereby for a verdict of $65 instead of $84, as claimed by defendant in error. But of this, plaintiff in error could not complain. If we assume that the jury found either that there was no warranty, or that if there were such warranty it was

avoided by the kind of tubing furnished by plaintiff in error, and which there was some evidence to show was so furnished in opposition to the advice of defendant in error, this would be sufficient to sustain the verdict.

We see no error which would call for a reversal of the judgment. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.